**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL A. HANNAH,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEWATER POLICE DEPT., et al.,<br><br>Defendants. | Civil Action No. 14-7139 (FLW)<br><br><br><br>**OPINION** |

**APPEARANCES**:

MICHAEL A. HANNAH, #74793
Somerset County Jail
P.O. Box 3000
Somerville, NJ 08876
Plaintiff *Pro Se*

**WOLFSON, District Judge**:

Michael A. Hannah, a pretrial detainee who is confined at the Somerset County Jail in New Jersey, seeks to file a Complaint asserting claims against the Bridgewater Police Department, Somerset County, Detective Sean O'Neill, and the State of New Jersey. This Court will grant Plaintiff's application to proceed *in forma pauperis.* For the reasons expressed in this Opinion, and as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), this Court will dismiss the Complaint.

## I. BACKGROUND

This is the second civil rights complaint Hannah has filed in this Court concerning his state criminal prosecution. He asserts the following facts in the case at bar:

> I Mr. Hannah are being held for trial in the Somerset County Jail on charges of Indictment Number 10-12-000735I. . . . . Det. O'Neil was first under the influence that I was Caucasian d[ue] to his paper work. Then when he spoke to me over the phone, he asked what was nationality then when was told, he said you think your

> OJ Simpson, a Black man that was accuss of murdering his wife racial which was a white women same as my son mother. On more than one occasion he would reach out to me but unperfectly. This all happen on 10-14-10. I'm still being held on the case for something that took place in 10-14-10 and now awaiting for trial. Can this case please be looked into. Also having me down as a Caucasian male that's not "due process." Det. O'Neil made multiple threats to me over the phone about my race as a police officer. He was very very cruelty and this is why I'm still being held in Somerset County Jail two years later on Domestic Violence. Can someone please look into this case it's wrong!

(ECF No. 1 at 8-9.)

For relief, Plaintiff seeks damages, a declaratory judgment holding Bridgewater Police Department and Somerset County accountable for violating his constitutional rights, and dismissal of his criminal case on due process grounds. (ECF No. 1 at 9-10.)

## II. STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis*, he is a prisoner, and he seeks redress from a governmental entity.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III. DISCUSSION

A. Federal Jurisdiction

Federal courts are courts of limited jurisdiction. *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2] To

---

[1] The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint under Rule 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

recover under § 1983, a plaintiff allege show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

This Complaint, like Hannah's prior complaint, names the Bridgewater Police Department as Defendant. However, the Bridgewater Police Department is not subject to suit for violation of constitutional rights because a police department is not a "person" under 42 U.S.C. § 1983 pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688-90 (1978). *See Draper v. Darby Tp. Police Dept*., 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011); *PBA Local No. 38 v. Woodbridge Police Dept*., 832 F. Supp. 808, 825-26 (D.N.J. 1993).

Hannah also names the State of New Jersey and Somerset County as Defendants. Plaintiff's claims against the State of New Jersey are barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991). Although Somerset County is subject to suit under § 1983, Hannah's present Complaint, like his prior complaint, does not sufficiently plead a § 1983 claim against Somerset County. A county cannot be found liable under § 1983 simply because it employs wrongdoers. *See Monell*, 436 U.S. at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. As the instant Complaint does not "identify a custom or

---

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

policy," "specify what exactly that custom or policy was," *McTernan v. City of York, PA*, 564 F. 3d 636, 658 (3d Cir. 2009), or assert facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," *Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)), it does not plead a claim against Somerset County under the *Iqbal* standard.

Hannah also names Detective O'Neill as Defendant. He claims that O'Neill violated his rights by making unspecified threats over the telephone about race and asking Hannah if he thought he was O.J. Simpson because Hannah is Black and the mother of his son is White. Hannah states that he is referring to an incident which occurred on October 14, 2010. [3] Assuming without deciding that Hannah's allegations against O'Neill adequately assert a constitutional violation, this Court finds that any such claim under § 1983 is barred by the statute of limitations.

The statute of limitations on Hannah's § 1983 claim against O'Neill is governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014); *Dique v. N.J. State Police*, 603 F. 3d 181, 185 (3d Cir. 2010); *Cito v. Bridgewater Township Police Dept*., 892 F.2d 23, 25 (3d Cir. 1989). Although the statute of limitations is generally an affirmative defense, if the allegations of a complaint "show that relief is barred by the applicable statute of limitations, [then] the complaint is subject to dismissal for failure to state a claim."

---

[3] Although Plaintiff also references "12-21-2012" in paragraph 2e of the complaint, he makes clear in paragraph 6 of the complaint that his claim arises from "Incident (10-14-2010)." *Compare* ECF No. 1 at 3 *with* ECF No. 1 at 9.

*Jones v. Bock*, 549 U.S. 199, 215 (2007). Because Hannah asserts that the alleged threats occurred in October 2010, the two-year statute of limitations accrued in October 2010 and expired in November 2012. *Lagano*, 769 F.3d at 860-61. Since Hannah signed his Complaint on October 26, 2014, two years after the statute of limitations expired, his § 1983 claim against Detective O'Neill will be dismissed as time barred. *Id.*

Finally, to the extent that Hannah asks this Court to order his release from pretrial detention or the dismissal of the state criminal charges against him, such relief is not available in this action. A person may not obtain equitable relief under § 1983 ordering release from confinement. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). When a person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. If an equitable remedy were available under § 1983 for a person challenging the fact or duration of his confinement, then that person could evade the requirements contained in the federal habeas statutes, such as exhaustion of available state court remedies, a one year statute of limitations, and severe restrictions on second or successive petitions. *See* 28 U.S.C. §§ 2244, 2254(b)(1), (c). In addition, Hannah's request that this Court investigate or dismiss his criminal charges is barred by *Younger v. Harris*, 401 U.S. 37 (1971), which prohibits this Court from interfering in Hannah's state criminal prosecution.

To summarize, Hannah's federal claims against the State of New Jersey and the Bridgewater Police Department will be dismissed because these Defendants are not subject to suit under § 1983 for violation of constitutional rights. His federal claims against Somerset County


will be dismissed because he does not allege facts showing that a custom or policy of Somerset County caused the violation of his constitutional rights. His requests for release and dismissal of his criminal charges will be dismissed because such relief is not available in an action under § 1983, and his federal claims against Detective O'Neill will be dismissed because they are time barred.

B. Amendment

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). However, this Court will not grant Hannah leave to amend the Complaint because amendment would be futile.

## III. CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint with prejudice.

s/Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**

DATED: December 17, 2014